UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVON GIPSON | CIVIL ACTION |
| VERSUS | NO. 11-2213 |
| AMERICAN SECURITY INSURANCE COMPANY | SECTION "C" (1) |

**ORDER AND REASONS**[1]

This matter is before the Court on a Motion for Judgment on the Pleadings pursuant to Federal Rule of Procedure 12(c) filed by Defendant, American Security Insurance Company, Rec. Doc. 16, and on a Motion for Stay of Proceedings filed by Plaintiff, Levon Gipson. Rec. Doc. 17. Having reviewed the record, memoranda of counsel, and the law, the Motion for Judgment on the Pleadings is GRANTED and the Motion for Stay of Proceedings is DENIED for the following reasons.

**I. Background**

Plaintiff alleges he owned a home in New Orleans, LA, that was damaged by Hurricane Katrina in 2005. Rec. Doc. 1-1, 4. Plaintiff alleges he provided proof of his claim for damage to his insurer, Defendant, and that Plaintiff received no compensation for loss from Defendant. Rec. Doc. 1-1, 5. Plaintiff filed his claim in Louisiana state court, July 29, 2011, more than five years

---

[1] Jason A. Danowsky, a second year student at the University of Texas School of Law, assisted in the preparation of this Order & Reasons.

1

after Hurricane Katrina. Rec. Doc. 1-1, 5. The insurance policy has a prescriptive period of one year. Rec. Doc. 1-2, 17.[2] Defendant removed the action to the Eastern Federal District Court of Louisiana. Rec. Doc. 1.

Defendant filed the instant 12(c) Motion for Judgment on the Pleadings, arguing that the Plaintiff was not a party to the insurance contract and that the Plaintiff's claims were prescribed. Rec. Doc. 16-1. Plaintiff responded to the first of Defendant's arguments by filing an Amended Complaint substituting the original plaintiff, Mi Mi, Inc. with Gipson, the current plaintiff. Rec. Doc. 25. Plaintiff responded to the second of Defendant's arguments with the instant Motion for Stay of Proceedings, which argues that these proceedings should be stayed pending the outcomes of *Beardon v. Lousiana Citizens Prop. Ins. Corp.*, No. 2011-CA-1319 (LA. App. 4 Cir. 11/2/11) and *Duckworth v. Lousiana Farm Bureau Mut. Ins. Co.*, 2011 WL 5903854 (La. App. 4 Cir. 11/23/11), as these cases deal with "prescription issues." Rec. Doc. 17-1. Plaintiff further responded to the second of Defendant's arguments with an opposition, in which he argued that prescription was suspended due to related class action proceedings. Rec. Doc. 19.

---

[2]Contracts attached by defendants to their motions to dismiss, when the contracts are referred to in the complaints and are central to the plaintiffs' claims, may be considered in assessing motions to dismiss. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004)).

**II. Standards**

**A. 12(c) Motion for Judgment on the Pleadings**

A party may move for judgment on the pleadings after the pleadings are closed, but within such time as not to delay trial. Fed. R. Civ. P. 12(c).[3] A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to a legal remedy. *Ramming v. U .S.*, 281 F.3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). When considering a Rule 12(c) motion, the court must construe the allegations in the complaint in the light most favorable to the non-moving party, but conclusory allegations and unwarranted

---

[3]Plaintiff poses the question, without answering or further discussion, "whether or not the pleadings are closed." Rec. Doc. 19, 1. "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 213 (3d ed.2004). Even if under the court's scheduling order there remains time for a party to move for leave to amend, pleadings can nonetheless be closed within the meaning of Rule 12(c). *Nortel Networks Limited v. Kyocera Wireless Corpl*, 2002 WL 31114077, *1, note 1 (N.D. Tex. 2002).

After Defendant's filing of the 12(c) Motion, this Court granted Plaintiff leave to amend the Complaint. Rec. Doc. 18. Although Defendant has not filed an Answer to Plaintiff's Amended Complaint, this Court is unaware of any procedural method by which pleadings can "reopen" after having been closed. Thus, after Defendant's answer to Plaintiff's initial Complaint, the pleadings were closed within the meaning of Rule 12(c), and the 12(c) Motion is not technically barred.

deductions of fact are not accepted as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

### B. Motion for Stay of Proceedings

District courts have broad discretion to stay proceedings in the interest of justice and in control of their dockets. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45. (5th Cir. 1983). However, this discretion is not unbounded; it "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, (1936)).

### III. Whether Plaintiff is a party to the Policy of Insurance

Plaintiff's Amended Complaint substitutes Levon Gipson as Plaintiff in this case. Rec. Doc. 25. Defendant admits that Levon Gipson is the "Additional Insured" party for the property in controversy. Rec. Doc. 16-1. Thus, this Court finds that Plaintiff is a party to the insurance policy and does not grant judgment on the grounds that Plaintiff is not a party to it.

### IV. Prescription

### A. Law

Normally, the party moving for an exception to prescription bears the burden of proof. *Taranto v. Louisiana Citizens Property Insurance Corporation*, 62 So.3d 721, 726 (La. 2011). If prescription is apparent on the face of the pleadings, the plaintiff bears the burden of showing that the action has not prescribed. *Id.*

**B. Analysis**

Plaintiff's claim is prescribed on its face, as he did not file suit for more than five years after Hurricane Katrina struck Louisiana, and the insurance policy required that all actions begin within one year of the loss. Thus, Plaintiff bears the burden of showing that the action has not prescribed. Plaintiff has not met the burden necessary to show that his action was not prescribed, as his Motion for Stay of Proceedings and Opposition to Defendant's Motion for Judgment on the Pleadings rely upon conclusory allegations. Furthermore, he has not raised interests that would justify staying these proceedings.

Plaintiff asserts without further explanation or evidence that Defendant was involved in class actions after Hurricane Katrina, and that "[i]t is plaintiff's position that it was a member of those classes." Rec. Doc. 19, 3. Plaintiff does not allege to which classes it belongs. Further, even if Plaintiff's allegation was accepted as true, it does not necessarily follow that the alleged but not identified class actions' durations would have suspended prescription long enough to allow the current action.

Plaintiff's attempts to analogize the current case to other cases are likewise offered without explanation or evidence. Plaintiff notes that other cases, such as *Randall v. State Farm Fire and Casualty Ins. Co.*, (EDLA 11-1358), are currently stayed pending the outcomes of the previously cited Louisiana Supreme Court cases. Rec. Doc. 17-1, 1. However, Plaintiff does not allege any factual similarities between the instant case and either *Randall*, *Beardon*, or *Duckworth*, and none is apparent to the Court. Plaintiff likewise fails to identify any legal similarities between this case and the others, only noting that both Defendant in this case and the

5

defendant in *Randall* filed motions for judgment on the pleadings arguing prescription. Rec. Doc. 17-1, 1. Likewise, Plaintiff attached several orders to stay from other, contemporaneous cases, but does not explain how the orders in these other cases relate to the current matter, and the Court is not persuaded that they are related. Plaintiff's allegations do not satisfy the 12(c) standard, nor do they raise any arguments that convince this Court that staying the proceedings is in the interest of justice.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings is hereby GRANTED.

IT IS ORDERED that Plaintiff's Motion for Stay of Proceedings is hereby DENIED.

New Orleans, Louisiana, this 17th day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**